■ In the Matter of the Claim of JOHN ROGERS, Respondent, against F. D. RICH Co., INC., et al., Appellants, and INTERNATIONAL CHIMNEY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employers and their insurance carriers from a decision and award made by the Workmen's Compensation Board in favor of claimant for the period from June 17, 1955 to July 6, 1956 for reduced earnings at the rate of $13.47 a week, payable one half by each carrier, and directing the Referee to consider a further award based upon a finding of 25 per cent permanent partial

disability. The board found that on May 26, 1952 claimant suffered a back injury as the result of an industrial accident while employed by the International Chimney Corporation, one of the appellants herein. The board further found that on or about November 21, 1952 claimant sustained another industrial accident while employed by F. D. Rich Co., Inc., the other appellant herein, which caused another back injury and an aggravation of a pre-existing condition. In both instances awards were made and paid by the respective carriers. Both cases were closed on May 18, 1954, but were reopened by the Workmen's Compensation Board on August 4, 1955, based upon a medical report which indicated that claimant was still suffering from back injuries. On July 31, 1956 the Referee assigned to the cases found claimant had no causally related disability subsequent to June 17, 1955. On December 12, 1956 a board panel with one member dissenting reversed the Referee. After the cases were reopened considerable medical testimony was taken before the Referee, the preponderance of which would appear to us to be against the claim for causally related disability subsequent to June 17, 1955. However this does not empower us to reverse the board as a matter of law. One physician did testify that in June of 1955 he examined claimant and found him suffering from a disabling back condition. He also gave as his opinion that both of the accidents of 1952 were causally related to the condition which he found. This was substantial evidence which we may not reject as a matter of law, and hence was sufficient to sustain the board's finding. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.